## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 2:24-CR-87 |
| v. | ) | |
| | ) | |
| KENNETH GAINES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

A federal grand jury indicted Defendant Kenneth Gaines on a lone charge of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  ECF 1.  Before the Court is his motion to dismiss the indictment.  ECF 34.  Mr. Gaines argues that Section 922(g)(1) is unconstitutional as applied to him and on its face.  *Id*., pp. 3-4.  He also argues that Section 922(g)(1) is unconstitutionally vague and violates the Commerce Clause.  *Id*., pp. 4-5.  After careful review, the Court denies his motion.

## BACKGROUND

According to the indictment that the grand jury returned on April 16, 2024, Mr. Gaines allegedly possessed a firearm on or about February 15, 2024, knowing that he had previously been convicted of the following felonies: (1) Firearm Not to be Carried without a License, on or about June 21, 2010, in the Court of Common Pleas of Allegheny County; (2) Aggravated Assault, on or about October 26, 2011, in the Court of Common Pleas of Allegheny County; (3) Firearm Not to be Carried Without a License, on or about October 26, 2011, in the Court of Common Pleas of Allegheny County; (4) Felon in possession of a Firearm or Ammunition, on or about January 19,

2016, in the Western District of Pennsylvania; and (5) Felon in possession of a Firearm or Ammunition, on or about July 17, 2023, in this Court.  ECF 1.

When the offense conduct underlying the current Section 922(g)(1) charge occurred on or about February 15, 2024, Mr. Gaines was on federal supervised release for a prior firearms conviction.   Case No. 2:22-cr-14, ECF 94.   Specifically, approximately six days after his release from federal custody and into his supervised-release term, Mr. Gaines engaged in new criminal conduct in which he allegedly fled from officers at a high rate of speed to avoid apprehension and was in unlawful possession of the stolen firearm that gives rise to the present indictment.  *Id*.  This Court found that Mr. Gaines violated several conditions of his supervised release, including the condition that he must not commit another federal, state, or local crime and the condition that he must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon.  Case No. 2:22-cr-14, ECF 111. The Court sentenced Mr. Gaines to 24 months of imprisonment for these supervised-release violations.  *Id*.

### DISCUSSION & ANALYSIS

Mr. Gaines first argues that, under the framework in *New York State Rifle & Pistol Association, Inc. v. Bruen*, Section 922(g)(1) violates the Second Amendment as applied to him.  ECF 34, p. 3.  But this argument fails because his Second Amendment rights were appropriately proscribed by virtue of him being on supervised release at the time the offense was committed.

Under *Bruen*, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct[,]" so to justify a statute regulating that conduct, the government must show that "the regulation is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. 1, 17 (2022).  The Supreme Court recently clarified this framework in *United States v. Rahimi*, 144 S. Ct. 1889 (2024).  The Supreme Court there found that courts must

determine whether the challenged law is "relevantly similar to laws that our tradition is understood to permit." *Id.* at 1898 (cleaned up).

Relying on *Rahimi*, the Third Circuit recently rejected an as-applied challenge to Section 922(g)(1) in *United States v. Moore* and held that "[a] convict completing his sentence on supervised release does not have a Second Amendment right to possess a firearm." 111 F.4th 266, 273 (3d Cir. 2024). The Third Circuit observed that, under early American forfeiture laws, "a convict may be disarmed while he completes his sentence and reintegrates into society." *Id.* at 272.

Mr. Gaines's as-applied challenge to Section 922(g)(1) fails under *Moore* because he was on supervised release at the time the conduct underlying his Section 922(g)(1) charge occurred. To the extent that he is arguing that he has a right to possess a firearm for self-defense, this argument was already rejected in *Moore*. *Id.* at 274 (a prisoner on supervised release "does not necessarily have a right to keep a weapon at home for self-defense, even though typical citizens do").

Mr. Gaines next argues that Section 922(g)(1) is unconstitutional on its face. ECF 34, p 4. But this argument also fails because "[a] party asserting a facial challenge must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (cleaned up). Since his as-applied challenge fails, Mr. Gaines "has not shown that there is no set of circumstances under which the statute may be applied constitutionally." *Id.* at 415 (cleaned up).

As to his argument that Section 922(g)(1) is void for vagueness, "Section 922(g)(1) is not vague as it clearly bars the possession of a firearm by any person who has previously been convicted of a crime punishable by more than one year in prison (or of certain misdemeanors as specifically defined)." *United States v. Ames*, No. 23-178, 2023 WL 5538073, at *3 (E.D. Pa. Aug. 28, 2023); *United States v. Williams*, 553 U.S. 285, 304 (2008) (a criminal statute is impermissibly vague only if it "fails to

provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement") (citations omitted).

Finally, Mr. Gaines asserts "for preservation purposes" that Section 922(g)(1) is "inconsistent with the original public meaning of the Constitution's Commerce Clause—as alluded to by Judge Porter's concurring opinion in *Range*." ECF 34, p. 5. As Mr. Gaines acknowledges, his "Commerce Clause challenge to the constitutionality of Section 922(g) fails on the merits, based on existing precedent." *Addison*, 2024 WL 4278289, at *5 (cleaned up).

For these reasons, Mr. Gaines's motion to dismiss the indictment is **DENIED**.

DATE:  October 7, 2024                        BY THE COURT:

                                                              /s/ *J. Nicholas Ranjan*
                                                              United States District Judge